## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRINCETON DIGITAL IMAGE CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> APPLE INC., <br><br> Defendant. | Case No. <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

Princeton Digital Image Corporation (hereafter "Princeton"), Plaintiff, brings this action against Apple Inc. ("Defendant" or "Apple"), and alleges that:

## PARTIES

1.     Plaintiff Princeton is a corporation organized and doing business under the laws of Texas.

2.     Upon information and belief, Apple is a California corporation conducting business in this federal district.

## JURISDICTION AND VENUE

3.     This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 271, et seq.

4.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.     This Court has personal jurisdiction over Defendant since, on information and belief, Defendant has transacted business in this judicial district and/or has committed acts of infringement in this judicial district.

6.      Venue in this district over Defendant is proper under 28 U.S.C. §§ 1391(c) and (d) and 1400(b).

## BACKGROUND

7.      On March 14, 1989, United States Patent No. 4,813,056 (hereafter "the '056 Patent") was duly and legally issued to Nicola J. Fedele, as the inventor thereof, and at all applicable times was valid and subsisting. A copy of the '056 Patent, which is entitled "Modified Statistical Coding of Digital Signals," is attached hereto as Exhibit "A".

8.      Nicola J. Fedele originally assigned his rights to the '056 Patent to General Electric Company, which assigned all rights, title and interest in and to the '056 Patent to Princeton Digital Image Compression, LLC.  Princeton Digital Image Compression, LLC has assigned all rights, title and interest in and to the '056 Patent to Princeton Digital Image Corporation, Plaintiff herein, the current holder of the '056 Patent.

## INFRINGEMENT OF THE '056 PATENT

9.      Plaintiff Princeton repeats and re-alleges each and every statement contained in the preceding paragraphs as if fully set forth at length herein.

10.     Defendant has infringed the '056 Patent in that without authority it made, used, offered to sell, sold, and/or imported products and methods that infringed the '056 Patent.

11.     Defendant was given actual notice by at least correspondence of its infringement of the '056 Patent on or before January 15, 2007.  Despite that notice, Defendant continued to infringe the '056 Patent.

12.     Defendant's products that infringed the Plaintiff's '056 Patent include, but are not limited to:  the MAC OS X Tiger and Leopard operating system and computer, server, and other products employing same; software products including Apple's iLife and iWork; hardware products including the iPod, iPod Nano, and iPhone products; and Apple Final Cut.

13.     Upon information and belief, Defendant induced others to manufacture, import, use, sell, and/or offer to sell products that infringe one or more claims of the '056 Patent in that Defendant induced others to manufacture, import, use, sell, and/or offer to sell the infringing products at a time when it knew that such actions constituted patent infringement.  Defendant's actions constituted a contributory infringement of the '056 Patent in violation of 35 U.S.C. § 271(c) and/or the active inducement of others under 35 U.S.C. § 271(b) to engage in direct infringement under 35 U.S.C. § 271(a) with a knowledge of and an intent to induce specific infringement.

14.     On information and belief, Defendant jointly infringed the '056 Patent through knowing, significant, active, and intentional actions with one or more persons and/or entities to manufacture, import, distribute, offer to sell, sell, and use Defendant's infringing products.

15.     Upon information and belief, Defendant's acts of infringement of the '056 Patent were both deliberate and willful.

16.     By Defendant's infringement of the '056 Patent, it has made unlawful gains and profits, and Plaintiff Princeton is entitled to recover from Defendant those damages sustained as a result of Defendant's wrongful acts of infringement of the '056 Patent in an amount subject to proof at trial.

## **PRAYER AND RELIEF**

WHEREFORE, Princeton prays for the following relief:

A.      a judgment declaring that Defendant and any joint infringers have infringed Plaintiff Princeton's '056 Patent;

B.      recover damages from Defendant resulting from Defendant's infringement, and that said damages be enhanced in view of Defendant's willful and wanton conduct;

C.      recover interest and costs pursuant to 35 U.S.C. § 284 and attorneys' fees pursuant to 35 U.S.C. § 285; and

D.      such other and further relief as the Court deems just and proper under the circumstances.

## **JURY DEMAND**

Plaintiff Princeton demands a trial by jury of all issues properly triable by jury in this action.

Respectfully submitted,

**O'KELLY ERNST & BIELLI, LLC**

Dated: December 21, 2012

*/s/ Sean T. O'Kelly*
Sean T. O'Kelly (No. 4349)
901 N. Market Street, Suite 1000
Wilmington, Delaware  19801
(302) 778-4000
(302) 295-2873 (facsimile)
sokelly@oeblegal.com

*Attorneys for Plaintiff Princeton Digital Image Corporation*