**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| PRINCETON DIGITAL IMAGE CORPORATION, | |
| Plaintiff, | Civil Action No.: 12-1749 (RGA) |
| v. | **DEMAND FOR JURY TRIAL** |
| APPLE INC., | |
| Defendant | |

**APPLE INC.'S ANSWER, DEFENSES, AND COUNTERCLAIMS TO**
**PRINCETON DIGITAL IMAGE CORPORATION'S COMPLAINT**

Defendant, Apple Inc., ("Apple") submits its Answer, Defenses, and Counterclaims to

Plaintiff Princeton Digital Image Corporation's ("Princeton") Complaint, as follows:

**PARTIES**

1.      Upon information and belief, Apple admits the allegations contained in Paragraph

1 of the Complaint.

2.      Admitted.

**JURISDICTION AND VENUE**

3.      Apple admits that Plaintiff's Complaint purports to arise under the patent laws of

the United States, 35 U.S.C. § 271 *et seq.*, but denies that there is any factual or legal basis for

any of Plaintiff's claims.

4.      Apple admits that the Court has subject matter jurisdiction pursuant to 28 U.S.C.

§ 1331 and 28 U.S.C. § 1338(a), but denies that there is any factual or legal basis for any of

Plaintiff's claims.

5.      Apple admits that this Court has personal jurisdiction over Apple in this case. Apple further admits that it has transacted business in this judicial district.  Except as expressly admitted, Apple denies the remaining allegations in Paragraph 5 of the Complaint.

6.      Apple admits that venue is proper under 28 U.S.C. § 1391(c) and 1400(b). Apple denies the remaining allegations contained in Paragraph 6 of the Complaint.

## BACKGROUND

7.      Apple admits that a copy of what purports to be United States Patent No. 4,813,056, entitled "Modified Statistical Coding of Digital Signals," (hereafter "the '056 Patent") was attached as Exhibit A to the Complaint.  Apple admits that the first page of Exhibit A identifies Nicola J. Fedele as the inventor.  Except as expressly admitted, Apple denies the remaining allegations in Paragraph 7 of the Complaint.

8.      Apple admits that the first page of Exhibit A identifies General Electric Company as the Assignee of the '056 Patent.  Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint and on that basis, denies them.

## INFRINGEMENT OF THE '056 PATENT

9.      Apple repeats its responses to Paragraphs 1-8 of the Complaint as if fully set forth herein.

10.     Apple denies the allegations contained in Paragraph 10 of the Complaint.

11.     Apple admits that it received correspondence on January 15, 2007 but denies that actual notice of infringement of the '056 patent was given in that correspondence.  Except as expressly admitted, Apple denies the remaining allegations in Paragraph 11 of the Complaint.

12.     Apple denies the allegations contained in Paragraph 12 of the Complaint.

13.     Apple denies the allegations contained in Paragraph 13 of the Complaint.

14.     Apple denies the allegations contained in Paragraph 14 of the Complaint.

15.     Apple denies the allegations contained in Paragraph 15 of the Complaint.

16.     Apple denies the allegations contained in Paragraph 16 of the Complaint.


## PRAYER FOR RELIEF

Apple denies that Plaintiff is entitled to any relief whatsoever from Apple or the Court, either as prayed for in Plaintiff's Complaint or otherwise.  To the extent that paragraphs A – D under Plaintiff's Prayer For Relief are interpreted to contain any factual allegations, Apple denies them.

## DEMAND FOR JURY TRIAL

No response is required to Plaintiff's Demand For Jury Trial.


## GENERAL DENIAL

Apple further denies each allegation contained in Plaintiff's Complaint that was not specifically admitted, denied, or otherwise responded to in this Answer to Plaintiff's Complaint.

## DEFENSES

Apple alleges and asserts the following defenses in response to the allegations in the Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.  In addition to the defenses described below, Apple specifically reserves all rights to allege additional defenses that become known through the course of discovery.

**First Defense**

**(Non-Infringement)**

Apple is not infringing, and has not infringed, the Asserted Patent either directly or indirectly, literally or under the doctrine of equivalents.

**Second Defense**
**(Invalidity)**

The claims of the Asserted Patent are invalid for failure to satisfy one or more of the requirements of 35 U.S.C. § 101, *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

**Third Defense**
**(Equitable Estoppel, Laches, Waiver and Unclean Hands)**

Plaintiff's claims are barred by the equitable doctrines of estoppel, laches, waiver and/or unclean hands.

**Fourth Defense**
**(35 U.S.C. § 287)**

Any claim for damages for patent infringement by Plaintiff is limited, at a minimum, by 35 U.S.C. § 287 to those damages occurring only after the notice of infringement.

**Fifth Defense**
**(Time Limitation on Damages)**

Plaintiff's claims for monetary relief, if any, are limited or barred by 35 U.S.C. § 286.

**Sixth Defense**
**(License, Patent Exhaustion)**

Plaintiff's claims for patent infringement are precluded in whole or in part (i) to the

extent that any allegedly infringing products, methods, or components thereof are imported, sold

by, offered for sale by, used by, made by, or made for, any entity or entities having an express or

implied license to the '056 Patent and/or (ii) under the doctrine of patent exhaustion.

**Seventh Defense**
**(Failure to State a Claim)**

Plaintiff's claims are barred for failure to state a claim upon which relief can be granted.

## COUNTERCLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Defendant/Counterclaimant

Apple Inc. ("Apple"), brings the following counterclaims against Plaintiff/Counterdefendant

Princeton Corporation ("Princeton") as follows:

### THE PARTIES

1.      Defendant/Counterclaimant Apple is a corporation organized under the laws of

California, having its principal place of business at 1 Infinite Loop, Cupertino, California 95014.

2.      Plaintiff/Counterdefendant Princeton alleges in its Complaint that it is a

corporation organized and doing business under the laws of Texas.

### JURISDICTION AND VENUE

3.      On December 21, 2012 Princeton filed its Complaint for Patent Infringement

alleging that Apple has infringed and infringes U.S. Patent No. 4,813,056 ("the '056 patent").

4.      This Court has subject matter jurisdiction over Apple's counterclaims under the

Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the patent laws of the United States.

An actual, substantial, and continuing justiciable controversy exists between Apple and

Princeton, with respect to which Apple requires a declaration of rights.  Specifically, the controversy is related to the non-infringement and invalidity of the Asserted Patent.

5.      By filing its Complaint, Princeton has consented to the personal jurisdiction of this Court.  This is an action for declaratory relief.  This Court has jurisdiction over this counterclaim based on 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

6.      Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400.

## FIRST COUNTERCLAIM

### (Declaration of Non-Infringement of U.S. Patent No. 4,813,056)

7.      Apple hereby incorporates and realleges paragraphs 1 through 6 above as though fully set forth herein.

8.      Plaintiff Princeton has sued Apple in the present action, alleging infringement of U.S. Patent No. 4,813,056 ("the '056 patent") and purporting to hold all title and interest in the '056 Patent.  Thus, an immediate, real and justiciable controversy exists between Princeton and Apple with respect to the alleged infringement of the '056 patent.

9.      Princeton also contends that such alleged direct and indirect infringement has caused Princeton to suffer damages and that irreparable injury has been caused to Princeton.

10.     Apple is not infringing, and has not infringed, either literally or under the doctrine of equivalents, directly, by inducement, contributorily, or in any way, any valid, enforceable claim of the '056 patent.

11.     Apple is entitled to a declaratory judgment that it has not and does not infringe, directly or indirectly any valid, enforceable claim of the '056 patent.

12.     Apple has been injured and damaged by Princeton's filing of a Complaint against Apple asserting a patent that is not infringed by Apple.

13.     Princeton has also filed this action without a good faith basis, making this an exceptional case.  Consequently, Princeton is liable for any and all attorneys' fees, expenses and costs incurred by Apple in connection with this action.

## SECOND COUNTERCLAIM

### (Declaration of Invalidity of U.S. Patent No. 4,813,056)

14.     Apple hereby incorporates and realleges paragraphs 1 through 13 above as though fully set forth herein.

15.     Princeton has sued Apple in the present action, alleging infringement of the '056 patent and purporting to hold all title and interest in the '056 Patent.  Thus, an immediate, real and justiciable controversy exists between Princeton and Apple with respect to the validity of the '056 patent.

16.     The claims of the '056 patent are invalid for failing to meet the conditions specified in 35 U.S.C. § 101, *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

17.     Apple has been injured and damaged by Princeton's filing of a Complaint against Apple asserting a patent that is invalid.

18.     Based on the foregoing, Apple is entitled to a judgment that the '056 patent is invalid.

19.     Princeton has also filed this action without a good faith basis, making this an exceptional case.  Consequently, Princeton is liable for any and all attorneys' fees, expenses and costs incurred by Apple in connection with this action.

## JURY DEMAND

Apple demands a trial by jury of all issues so triable in this action.

## PRAYER FOR RELIEF

WHEREFORE, Defendant/Counterclaimant Apple prays for relief as follows:

A.      That Princeton's Complaint be dismissed in its entirety with prejudice and that Princeton take nothing thereon;

B.      For an entry of judgment declaring that each of the asserted claims of the Asserted Patent is invalid, void, and without force and effect;

C.      For an entry of judgment declaring that Apple has not infringed and does not infringe, either directly, contributorily or through inducement, literally or under the doctrine of equivalents, any of the claims of the Asserted Patent;

D.      That Apple be awarded its costs, disbursements and attorneys' fees incurred in this action pursuant to 35 U.S.C. § 285, and other provisions of law;

E.      That Apple be granted such other and further relief as the Court deems just and proper.


Dated: January 17, 2013                    By:    */s/ Mary B. Matterer*
                                                  Richard K. Herrmann (#405)
                                                  Mary B. Matterer (#2696)
                                                  Kenneth L. Dorsney (#3726)
                                                  MORRIS JAMES LLP
                                                  500 Delaware Avenue, Suite 1500
                                                  Wilmington, DE 19801-1494
                                                  (302) 888-6800
                                                  mmatterer@morrisjames.com

                                                  *Attorneys for Defendant, Apple Inc.*